IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JORGE CORREA OSORIO,**

*Petitioner,*

v.

**UNITED STATES OF AMERICA,**

*Respondent.*

**CIVIL NO. 16-2806 (DRD)**
**Related Crim. 09-113-10 (DRD)**

## OPINION & ORDER

Pending before the Court is Petitioner, Jorge Correa Osorio's *Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255*. *See* D.E.1.[1] The Government filed an opposition thereto. *See* D.E. 3.

For the reasons stated herein, the Court hereby **DENIES** the Petitioner's *Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255* (D.E. 1).

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 4, 2010, a Grand Jury returned a Twenty-Six Count Superseding Indictment against Petitioner, Jorge Correa Osorio (hereinafter "Petitioner" or "Correa-Osorio") along with thirteen (13) additional co-defendants. *See* Crim. No. 09-113, D.E. 308. The Petitioner was charged with (a) a drug trafficking crime conspiracy to possess with intent to distribute, and distribute narcotic controlled substances, to wit: five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846 (hereinafter, "Count

---

[1] D.E. is an abbreviation of docket entry number.

Thirteen"); (b) aiding and abetting in the intentional possession with intent to distribute, and distribute a controlled substance, to wit: approximately five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation to 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (hereinafter, "Count Twenty-Two"); and (c) a narcotics forfeiture allegation pursuant to 21 U.S.C. § 853(a)(1) and 2. *See* Crim. No. 09-113, D.E. 308.

On May 24, 2011, Correa-Osorio was ultimately found guilty by a jury as to Counts Thirteen and Twenty-Two of the Superseding Indictment. *See* Crim. No. 09-113, D.E. 606 & 607. Accordingly, on February 16, 2012, the Petitioner was sentenced to a term of imprisonment of one hundred and thirty-two (132) months as to Count Thirteen and one hundred thirty-two (132) months as to Count Twenty-Two to be served concurrently with each other[2]. *See* Crim. No. 09-113, D.E. 848. Judgment was entered on February 29, 2012. *See* Crim. No. 09-113, D.E. 849.

As a result thereof, on March 5, 2012, Correa-Osorio filed an *Amended Notice of Appeal*. *See* Crim. No. 09-113, D.E. 856. Yet, on April 22, 2015 the First Circuit ultimately entered Judgment affirming the Petitioner's conviction. *See United States v. Correa-Osorio*, 784 F.3d 11 (2015).

Correa-Osorio filed a writ of *certiorari* before the Supreme Court, which was ultimately denied on October 13, 2015. *See Correa-Osorio v. United States*, 136 S.Ct. 336 (2015). Thus, the

---

2 "The Court after hearing further sentencing arguments, imposed a sentence below the advisory guideline range pursuant to section 5H1.6 of the U.S.S.G. The Court departed from level 36 to level 32 and sentenced the defendant accordingly." Crim. No. 09-113, D.E. 848.

judgment becoming final on that same date. *See Clay v. United States*, 537 U.S. 522 (2003). Upon the entry of the Supreme Court's Judgment, the Petitioner had one (1) year to seek relief pursuant to 28 U.S.C. § 2255. Accordingly, on October 6, 2016, the Petitioner timely filed a *Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255*. *See* D.E. 1.[3]

On a separate note, Correa-Osorio also filed a *Motion for Reduction of Sentence Pursuant to Amendment 782*. *See* Crim. No. 09-113, D.E. 969. Yet, on December 10, 2015, the Court issued an order denying Correa-Osorio's request for reduction of sentence pursuant to Amendment 782. *See* Crim. No. 09-113, D.E. 1023. As a result thereof, the Petitioner filed a *Notice of Appeal* as to the denial of the reduction of sentence. *See* Crim. No. 09-113, D.E. 1032. On June 29, 2016, the First Circuit entered *Judgment* dismissing the appeal as untimely. *See* Crim. No. 09-113, D.E. 1066. In sum, the First Circuit held that "Defendant was not eligible for Sec. 3582(c)(2) relief as his sentence was already below the low end of the amended guideline range. U.S.S.G. Sec. 1B1.10(b0(2)(A) (explaining that the sentencing court may 'not reduce the defendant's term of imprisonment under 18 U.S.C. Sec. 3582(c)(2) … to a term that is less than the minimum of the amended guideline range')." *See* Crim. No. 09-113, D.E. 1066.

## II. DISCUSSION

Correa-Osorio raises one single argument in his § 2255 Petition, to wit, he alleges to be entitled to a minor role reduction of his sentence pursuant to Amendment 794, which was not available at the time of his sentence *See* D.E. 1. In essence, Correa-Osorio claims that the evidence

---

[3] The Petition was signed by Correa-Osorio on September 30, 2016.

presented at trial established his minor role participation in the offense conduct and thus the amendment should apply retroactively to his sentence.

### A.     *Newly Recognized Right – Amendment 794*

United States Sentencing Guideline Section 3B1.2(b) in its application note 3(A), as amended, provides that "[t]his section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." United States Sentencing Guideline Section 3B1.2, cmt. (n.3(A)). A "minimal participant" is a defendant "who [is] plainly among the least culpable of those involved in the conduct of a group." *Id.* (n.4). A "minor participant" is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." *Id.* (n.5). The Commentary to Section 3B1.2 further provides that "[t]he determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." Id. (n.3(C)). Among other changes in wording, Amendment 794 added the phrase "in the criminal activity" to note 3(A) and 5. Id. (n.3(A)); id. (n.5). In addition, the amendment added a non-exhaustive list of factors for the court to consider in determining whether to apply subsection (a) or (b) of Section 3B1.2, or an intermediate adjustment in a defendant's offense level. *Id.* (n.3(C)).

Contrary to Correa-Osorio's contention, the Amendment 794 does not apply retroactively on collateral review. The Ninth Circuit Court of Appeals in *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir.2016) held that Amendment 794 applied "retroactively to direct appeals." *Id.* at

523. The Court of Appeals did not extend its holding to collateral proceedings such as § 2255 Petitions. *See United States v. Barnes*, 2017 WL 4324701, at *3 (E.D. Va. 2017); *Shepard-Fraser v. United States*, 2017 WL 1386333, at *2 (D.P.R. 2017); *Herrera v. United States*, 2016 WL 6476290, at *1 (D.Md. 2016).

*Quintero-Leyva* was addressed on direct appeal and the Ninth Circuit's holding was specifically limited to direct appeal. 823 F.3d. at 521. Yet, Correa-Osorio appears before the court on a matter of collateral review, not a direct appeal. The two are not the same. *See, e.g., Lindsey v. United States*, 2016 WL 283384 at *1 (S.D. Ill. Jan. 23, 2017) ("Although Amendment 794 has been applied retroactively on direct appeal, it has not been held retroactively [applicable] on collateral review."); *Germany v. United States*, 2016 WL 6780213, at *1 (D. Md. Nov. 16, 2016) ("Because Amendment was made retroactive by the Commission (and not the Supreme Court), it applies retroactively only on direct appeal."); *Johnson v. United States*, 2016 WL 6084018, at *2 (S.D. Ohio Oct. 17, 2016)("[*Quintero-Leyva*] did not hold that such relief is available on collateral review, and other courts have concluded that it's not."); *Diaz-Caraballo v. United States*, 2019 WL 2500405 at *2(D.P.R. June 14, 2019) ("Amendment 794 is not retroactively applicable on collateral review, however, and is not a cognizable claim under section 2255.")(citing *Shepard-Fraser v. United States*, 217 WL 1386333 at *2 (D.P.R. April 18, 2017.).

Furthermore, the policy statement pertaining to reductions in a defendant's term of imprisonment, resulting from an amended guideline range, enumerates the amendments that are covered by the section. *See* United States Sentencing Guideline, Section 1B1.10(d); *see also United States v. Vaugh*, 806 F.3d 640, 643 (1st Cir.2015)("Section 1B1.10 authorizes a sentence

5

reduction only when one of an enumerated list of guideline amendments applies; *Germany*, 2016 WL 6780213, at *1 ("Amendment 794 is not among the listed Guideline Amendments that the [Sentencing] Commission has made retroactively applicable to defendants on collateral review."); *United States v. Tapia*, 2016 WL 4815150 at *1 (M.D. Fla. Sept. 14, 2016)("Because it is not listed in Section 1B1.10(d), Amendment 794 is not applied retroactively on collateral review.").

Finally, the Court notes that when entertaining the Petitioner's appeal of judgment, the First Circuit noted that "a below-guidelines sentence" was given to the Petitioner, *see Correa-Osorio*, 784 F.3d at 28. To wit, the District Court "concluded that a 128-month sentence-a term far lower than the 151-188-month guidelines range-served the purposes reflected in § 3553(a)." *Id.* Accordingly, the Petitioner's conviction was affirmed as the proper assessment was made during the Petitioner's sentencing phase. *Id.*

None of the grounds set forth in § 2255(a) applies to the Petitioner's claim. The Court finds that Correa-Osorio's claim is solely based on a non-retroactive guideline change that occurred after Petitioner was sentenced. Hence, Correa-Osorio has not asserted a claim within the scope of § 2255. Having established that Correa-Osorio is misguided in his contention of the retroactive application of Amendment 794 there is no doubt that his *Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255* (D.E.1) must be denied.

### III. CONCLUSION

For the aforementioned reasons, the Court finds that Petitioner **JORGE CORREA-OSORIO**, is not entitled to federal habeas relief on the claim presented as the same is not retroactive

applicable. Accordingly, the Court hereby **DENIES** the Petitioner's *Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255* (D.E.1). Judgment of dismissal **WITH PREJUDICE** is to be entered accordingly.

It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of October, 2019.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge